IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLINTON L. WYATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-cv-0853 |
| ) | |
| NURSE FRASIER, CCA INC., *et al.*, ) | Judge Trauger |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Clinton Wyatt, a state inmate incarcerated at the Metro-Davidson County Detention Facility operated by CCA in Nashville, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1). Because the plaintiff proceeds *in forma pauperis*, his complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2).[1]

**I.     Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), the court must conduct an initial review of a civil complaint filed *in forma pauperis* and dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [this statute] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550

---

[1] The court takes note that the plaintiff affirmatively avers in his complaint that he has not filed any other lawsuits in this court or in any other federal or state court. (ECF No. 1, at 1–2.) That statement is demonstrably untrue, as the plaintiff filed two lawsuits in this court in 2012, both of which were dismissed on initial review under 28 U.S.C. § 1915(e)(2) for failure to state a claim for which relief may be granted. *Wyatt v. Pellmoore*, No. 3:12-cv-0345 (M.D. Tenn. April 13, 2012) (Order of dismissal, ECF No. 5); *Wyatt v. Douglass*, No. 3:12-cv-0644 (M.D. Tenn. June 29, 2012) (Order of dismissal, ECF No. 4).

U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Although *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.     Factual Allegations**

The plaintiff names as defendants Nurse Frasier[2] and CCA. He alleges that on June 20, 2013, while working in the kitchen of the detention center where he is incarcerated, he accidentally cut his left hand on a motor mount behind an oven. The cut, across one of his knuckles, was very deep and bled profusely. The plaintiff was escorted to the prison infirmary, where he was seen by Nurse Frasier. Nurse Frasier looked at the wound, said it "wasn't that serious," and simply gave the plaintiff a Band-Aid bandage. The plaintiff argued unsuccessfully that he obviously needed stitches. After the Band-Aid was applied, the plaintiff asked to be placed on the treatment list, but Nurse Frasier told him he was "a grown boy" and could change his own Band-Aid.

The next day, the plaintiff bumped the wound, which made it start bleeding again. He was seen by Nurse Heinrich, who agreed with the plaintiff that the wound should have received stitches. Nurse Heinrich got Dr. Bridges to look at the wound. Dr. Bridges told the plaintiff that at this point, it was too late for him to get stitches. Instead, he instructed Nurse Heinrich to apply steri-strips to secure the wound and a large bandage to protect it "like it should have first been done." (ECF No. 1, at 6.) The strips fell off after a few days and were re-applied. The second set of strips also fell off eventually but the wound remained "wide open and not healed." (*Id.*) Subsequently, the wound became infected and the plaintiff was placed on antibiotics.

---

[2] The plaintiff states that CCA will not tell him the defendant's first name. (Letter, ECF No. 6.) The plaintiff spells this defendant's last name variously as Frasier, Fraizer, and Frazier. The court uses the spelling "Frasier" only because that is how the name is spelled in the case caption of the complaint.

The plaintiff insists that the wounded knuckle is "deformed" and has not healed properly as a result of Nurse Frasier's initial failure to treat the injury appropriately. He seeks compensatory damages for pain and suffering and "neglect," and injunctive relief in the form of relieving Nurse Frasier of her duties.

**III.     Discussion**

The plaintiff seeks to bring suit under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Gratta*n, 468 U.S. 42, 44 n.3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir. 1996). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff names CCA as a defendant. CCA, a private prison operator, may be subject to suit under § 1983 as the entity to which the obligation to provide medical care to individuals in state custody has been contractually delegated. *West v. Atkins*, 487 U.S. 42, 56 (1988) ((holding that a private medical provider contracted to provide medical care to prisoners is a state actor for purposes of § 1983); *see also Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (CCA acts under color of state law because it performs the traditional state function of operating a prison). However, CCA cannot be liable solely on the basis that it employs a tortfeasor, because "*[r]espondeat superior* is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). Instead, a private entity cannot be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) ("Like a municipality, a government contractor cannot be held liable on a *respondeat superior* theory. . . . [A] private contractor is liable for a policy or custom *of that private contractor*. . . ."). Simply stated, the plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987),

*overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The complaint in this case contains no allegations that directly implicate CCA or suggest that the plaintiff's injuries were the result of some prison-wide policy. The claims against CCA are therefore subject to dismissal for failure to state a claim for which relief can be granted.

Nurse Frasier, although not directly employed by the state, also qualifies as a state actor for purposes of § 1983. *Johnson*, 398 F.3d at 876. The question is whether the plaintiff has adequately alleged that Nurse Frasier took some action that potentially violated a constitutional right.

The plaintiff does not identify what constitutional right he believes has been violated, but the plaintiff's allegations implicate his right under the Eighth Amendment to reasonably necessary medical care. The Eighth Amendment, by its terms, prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. It has been specifically construed to prohibit the "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion). There is no dispute that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

The amendment imposes affirmative duties on prison officials to "assume some responsibility for [each prisoner's] safety and general well-being," and to "provide for his basic human needs," including medical care. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989). "Contemporary standards of decency require no less." *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). In *Estelle*, the Supreme Court concluded that, although accidental or inadvertent failure to provide adequate medical care to a prisoner would not violate the Eighth Amendment, "deliberate indifference to the serious medical needs of prisoners" violates the Eighth Amendment, because it constitutes the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Id.* at 104.

Under this analysis, what constitutes "unnecessary and wanton infliction of pain" will vary depending on the nature of the alleged constitutional violation, but the Supreme Court has clarified that the question of whether a prisoner's claim based on prison officials' failure to provide adequate medical care involves both a subjective and an objective component: The objective prong asks whether the harm

inflicted by the conduct is sufficiently "serious" to warrant Eighth Amendment protection. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). The Sixth Circuit has held that a medical need is sufficiently serious to satisfy the objective component if it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 579 (6th Cir. 2013) (internal quotation marks and citations omitted). The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Based on these standards, to state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106.

In the present case, the plaintiff alleges that he had a serious cut on his hand, that the need for treatment (more than a Band-Aid) was obvious even to a lay person, and that Nurse Frasier affirmatively refused to provide such treatment despite being faced with such an obvious need. Under the circumstances, the court concludes that a rational fact finder could conclude both that the medical need was objectively serious, and that Nurse Frasier was deliberately indifferent to that serious medical need. The claim against Nurse Frasier will, at this stage in the proceedings, be permitted to proceed.

**V.     CONCLUSION**

For the reasons set forth herein, the claim against CCA will be dismissed for failure to state a claim for which relief may be granted, under 28 U.S.C. § 1915(e)(2). The claim against Nurse Frasier will, however, be permitted to proceed. An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge